UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERNEST CALVINO JR.,

                          Plaintiff,

            -against-

BRONX WORK STAFF, FIRST SHIFT AND
SEGUN SHIFT; BRONX WORK
SUPERVISERS,

                          Defendants.

20-CV-0145 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff brings this action *pro se*. By order dated January 21, 2020, the Court granted

Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For

the reasons set forth in this order, the Court dismisses this action and grants Plaintiff leave to

replead within thirty days.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to

state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the

Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing

the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals

of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550

U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court

must determine whether those facts make it plausible – not merely possible – that the pleader is

entitled to relief. *Id.*

## BACKGROUND

Plaintiff, using the Court's general complaint form, brings this action invoking the

Court's federal question jurisdiction. He claims that the federal constitutional or statutory basis

for this action is "Discrimination, conspiracy of court fraund [sic], conspiracy mail theft,

conspiracy of torture conspiracy of spying." (ECF No. 2, 2.) Plaintiff asserts the following facts,

verbatim:

> I have been denied services that we avalible to other at the same time they
> suppose to be avaliable for me, They the staff had lie a few time about post mail,
> the staff neglected my security during the summer month, the staff had denied
> hagieen kit the food during the Thankgiving and weekend was part fake food, bad
> quality, Theres bad janitorial cleaning in bathrooms and dorms, The superviser
> had denied bed availiabelity, The case worker had lie to my a few times, the first
> shift superviser had lie to me an had later laugh at my.

(ECF No. 2, 5 ¶ III.) Plaintiff seeks injunctive relief and monetary damages.

## DISCUSSION

Since December 17, 2019, Plaintiff has filed numerous frivolous actions in this Court. He continued to file frivolous complaints even after the Court warned him that further vexatious or frivolous litigation in this Court will result in an order barring him from filing new actions IFP unless he receives prior permission. *See, e.g., Calvino v. Jones*, ECF 1:19-CV-11601, 3 (S.D.N.Y. Dec. 23, 2019). On January 10, 2020, the Court directed Plaintiff to show cause why he should not be barred from filing any further actions in this Court IFP without first obtaining permission from the Court to file his complaint. *See Calvino v. Fauto L.*, ECF 1:19-CV-11958, 4 (S.D.N.Y. Jan. 10, 2020).

Plaintiff filed this action two days before the Court directed him to show cause why he should not be barred. But the complaint – which is arguably not as frivolous as his prior submissions – still fails to state a claim on which relief may be granted.

Plaintiff asserts that the staff of BronxWorks[1] violated his rights by denying him unspecified services that were available to others; providing him "fake food" during Thanksgiving; lying to him; and not properly cleaning the bathrooms and dormitories in the shelter where he resides. But even if the Court were to construe Plaintiff's claims as being brought under 42 U.S.C. § 1983,[2] his assertions do not indicate that Defendants discriminated

---

[1] BronxWorks is a service organization providing assistance to individuals and families. *See* http://www.bronxworks.org/ (last visited January 21, 2020). It has partnered with the New York City Department of Homeless Services to provide services for the homeless. *See* https://www1.nyc.gov/site/dhs/about/bronxworks.page (last visited January 21, 2020).

[2] To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or law of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties, such as BronxWorks and its employees, are generally not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing

against him and conspired to violate his rights. Plaintiff does not allege any facts suggesting that Defendants treated him differently from other similarly situated individuals or that any such treatment was based on an immutable characteristic – such as race – or any other improper factor. In addition, his assertions concerning the fake food and the conditions of the shelter do not suggest a violation of any constitutional right. *See Lindsey v. Normet*, 405 U.S. 56, 74 (1972) (stating there is no "constitutional guarantee of access to dwellings of a particular quality"). Plaintiff's claims must be dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### LEAVE TO REPLEAD

The Court dismisses this action for Plaintiff's failure to state a claim on which relief may be granted. In an abundance of caution and in light of the Second Circuit' s direction to provide a plaintiff an opportunity to amend the complaint unless it would be futile for the Plaintiff to do so, *see Hill v. Curcione*, 657 F.3d 116, 123– 24 (2d Cir. 2011), the Court grants Plaintiff thirty days' leave to submit an amended complaint to state a claim for relief.

Should Plaintiff choose to submit an amended complaint, he must detail his discrimination and conspiracy claims by alleging any facts suggesting that BronxWorks and its employees treated him differently because of a protected characteristic. Plaintiff must also allege facts indicating that Defendants should be considered state actors.

---

*Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass' n*, 531 U.S. 288, 295 (2001)). But a private entity's activity can be attributed to the state in three situations: (1) the entity acts using the coercive power of the state or is controlled by the state (the "compulsion test"); (2) the entity willfully participates in joint activity with the state or its functions are entwined with state policies (the "joint action" or "close nexus" test); or (3) the state has delegated a public function to the entity (the "public function" test). *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012).

Here, Plaintiff does not allege any facts suggesting that BronxWorks or its employees took actions that can be attributed to the government.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff thirty days' leave to file an amended complaint. The Clerk of Court is instructed to terminate all other pending matters.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    February 6, 2020
          New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge